# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEAZAR VASQUEZ-CABRERA,<br><br>                              Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | Criminal Case No. 08cr009 - IEG<br>Civil Case No. 08cv1965 - IEG<br><br>ORDER DENYING PETITIONER'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND 28 U.S.C. § 3582 |

Petitioner Eleazar Vasquez-Cabrera, appearing *pro se*, has filed a motion to reduce his sentence pursuant to 28 U.S.C. § 2225 and 28 U.S.C. §3582. On December 8, 2008, the government filed a response in opposition and petitioner has filed a reply. After a thorough review of the record and the parties' submissions, the Court **DENIES** petitioner's motion for the reasons set forth below.

## BACKGROUND

On January 29, 2008, petitioner pleaded guilty, pursuant to a plea agreement, to an information charging him with two counts of illegal entry in violation of 8 U.S.C. § 1325. The plea agreement stated, in relevant part:

> In exchange for the Government's concessions in this plea agreement, Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or a statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(Resp. Opp., Ex. 3 ¶12.) On April 14, 2008, this Court accepted the Petitioner's guilty plea and

1 sentenced him to two consecutive twenty-four month terms. Petitioner filed the instant motion to
2 reduce his sentence pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 3582 on October 21, 2008. The
3 government filed its response on December 8, 2008. Petitioner filed a reply.

## DISCUSSION

5 Petitioner seeks a reduction of the sentence imposed based upon (1) violation of the Equal
6 Protection Clause of the Fourteenth Amendment; (2) a violation of the Due Process Clause of the Fifth
7 Amendment; (3) and a violation of the "Equal Rights Act" of 1964. (Doc. No. 19.) He asks the Court
8 to reduce his sentence because, as an illegal alien, he is ineligible to participate in a half-way house
9 program or in the "RDAP (Drug Progam)." (Pet. Reply 4.)

10 As part of his plea agreement, petitioner waived both the right to appeal and the right to
11 collaterally attack the conviction and sentence. (Resp. Opp., Ex. 3 ¶12.) A knowing and voluntary
12 waiver of a statutory right is enforceable. United States v. Navarro-Botello, 912 F.3d 318, 321 (9th
13 Cir. 1990). The right to request collateral review under 28 U.S.C. §2255 is a statutory right that can
14 be waived. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993)(finding a plea agreement,
15 in which defendant waived the right to appeal, precluded a collateral attack based on newly discovered
16 evidence). Further, the right to collateral attack a sentence under 28 U.S.C. §3582 may be waived by
17 plea agreement. See Gutierrez v. United States, 2009 WL 311133, at *1-2 (S.D. Cal. February 9,
18 2009); United States v. Johnson, 2007 WL 4208313, at *1 (N.D. Cal. November 27, 2007).

19 Both the section 2255 and section 3582 waivers must satisfy certain requirements to act as a
20 bar to collateral attack. First, Rule 11 of the Federal Rules of Criminal Procedure requires the Court
21 conduct a specific inquiry, which is designed to ensure the waiver was knowing and voluntary.
22 Navaro-Botello, 912 F.2d at 320. Second, the waiver would not be valid if the Court imposed a
23 sentence that either violates the agreement or the law. Id. Third, the waiver does not "categorically
24 foreclose" a defendant from bringing an "ineffective assistance of counsel or involuntariness of waiver
25 claim." Abarca, 985 F.2d at 1014.

26 In the instant case, it is undisputed the plea agreement contained a waiver of collateral attack.
27 See (Resp. Opp., Ex. 3 ¶ 12.) The record of this case demonstrates the waiver was knowing and
28 voluntary and that the Court complied with Rule 11's requirements. On January 29, 2008, Magistrate

1  Judge Ruben B. Brooks presided over petitioner's change of plea hearing and conducted the Rule 11
2  colloquy.  At the hearing petitioner stated he understood the maximum possible sentence for each
3  count and acknowledged he could receive the maximum sentence for each count. (Resp. Opp., Ex. 4
4  at 4:6-14; 6:20-23.)  Furthermore, petitioner specifically affirmed he was willing to give up his right
5  to appeal and collaterally attack his sentence:

> THE COURT: In your agreement, there's a provision regarding waiver of appeal and collateral attack. To appeal your conviction or sentence means to appeal the result to a higher court. To collaterally attack your conviction or sentence means to attack the validity in any type of future proceeding. Am I correct that you're willing to give up your right to appeal and collaterally attack your conviction and sentence except as outlined in the written plea agreement?
> THE DEFENDANT: Yes.

(Resp. Opp., Ex. 4 at 9:1-10.)  In addition, petitioner's attorney confirmed she had discussed with petitioner the waiver of appeal and collateral attack included in the plea agreement, and that in her opinion petitioner understood the agreement. (Resp. Opp., Ex. 4 at 9:11-17.) Petitioner agreed he had reviewed each paragraph of the plea agreement with his lawyer, understood everything in the agreement, and did not have any questions about the agreement. (Resp. Opp. Ex. 4 at 8:9-25.)  Based on its independent review of the record, this Court finds the waiver was knowing and voluntary.

Furthermore, the 48-month sentence was in accordance with the plea agreement and does not violate the law.  In the plea agreement, the government agreed to request a 48 month sentence, comprised of two consecutive twenty-four month terms.  (Resp. Opp., Ex. 3 ¶ 9.)  Because the court imposed the very same sentence, the sentence was in accordance with the agreement.  The sentence does not violate the law because it was not illegal and was based upon a correct application of the sentencing guidelines.  <u>See</u> <u>United States v. Littlefield</u>, 105 F.3d 527 (9th Cir. 1997).

Finally, petitioner does not raise ineffective assistance of counsel or involuntariness claims. Therefore, for the foregoing reasons, the Court **DENIES** petitioner's motion for reduction of sentence.

**IT SO ORDERED.**

**DATED:  February 17, 2009**

*[signature]*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**